JOSEPH A. LORD, d. b., app't. *vs.* BENJAMIN P. TOWNSEND, p. b., respondent.

A constable is not bound to sell goods under a fi. fa., without orders or special occasion.
A return of execution process *before* the return day, is not irregular, unless a further levy is thereby prevented.
On an appeal, the officer can be charged only with the neglect of duty, for which the suit was brought below.

THIS was an appeal from the judgment of a justice of the peace, in an action against Joseph A. Lord, a constable, for money collected by him for the plaintiff. The narr. had several counts, for non-payment of money levied; neglect to make due return; neglect to levy; neglect to receive the execution; and refusal to receive the execution.

The defence was—1. The defendant is not responsible in this form of action, for refusing to receive the writs of execution. 2. After he received them he performed his duty. 3. He was not bound to pay the proceeds of sale of the property levied on to plaintiff, because of a prior levy, to which the same were applicable. 4. The property which plaintiff required the constable to levy on, had been sold to, and was in the possession of, a third person; and the constable was not bound to take the responsibility of levying on such property without indemnity, which was refused.

Judge WOOTTEN charged the jury.—1. That though a fi. fa. commanded the constable to levy and make the debt, and authorized him to sell goods levied, he was not bound to sell under a fi. fa., unless special reasons, or the plaintiff's orders, required such despatch. What was due diligence in this respect, must be referred to the circumstances of the case, and without special reasons, neither public policy, nor usage, required that a defendant should be sold out as soon as his property is taken in execution. But that if the plaintiff require it, or would suffer the loss of his debt by delay, the constable ought to sell on the fi. fa.

2. That the obligation of the constable was to return process by the return day, and this obligation was answered by a return on or before that day; unless a premature return should injure the plaintiff, by preventing a further levy or otherwise.

3. That this being an appeal, though to be tried here de novo, it must be a trial of the same cause of action as was tried below, other-

wise the judgment below and here might be different, and might both be right. Yet if the judgment below was right, the plaintiff ought not to succeed in his appeal and involve the defendant in costs, without any such default as was charged below. If the charge below was for not returning a writ, it cannot be here for making a false or an insufficient return; if it was for negligence in not collecting money, it cannot here be changed to default in not paying over money collected.

That this construction was especially necessary in reference to a summary remedy for a forfeiture and penalty, which are imposed by statute on a public officer, and the pleadings are to inform him positively for what neglect of duty it is sought to charge him.

*Rodney* and *Wolfe*, for plaintiff.

*Patterson*, for defendant.